Exhibit "4"

COPY OF EACH DOCUMENT FILED IN

STATE COURT CAUSE NUMBER: 2020-CI-04262

Attached are the following:

- Plaintiff's Original Petition Application for Temporary Restraining Order and Application for Injunction;
- Plaintiff's Verification for Application for Temporary Restraining Order and Setting for Injunction Hearing;
- Order Granting Plaintiff's Temporary Restraining Order and Setting of injunction Hearing Date; and
- Defendant's Original Answer.

FILED
3/2/2020 12:00 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Abilez

Case 5:20-cv-00312-DAE    Document 1-4    Filed 03/13/20    Page 2 of 13

NO. **2020CI04262**

| | | |
|---|---|---|
| **KEVIN STERNECKERT** | § § § | IN THE DISTRICT COURT |
| | § | 150TH |
| VS. | § § | ____ JUDICIAL DISTRICT |
| **SN SERVICING CORPORATION** | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION APPLICATION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION FOR INJUNCTION

NOW COMES Plaintiff KEVIN STERNECKERT hereinafter referred to as Plaintiff, and requests the Court grant an order temporarily restraining SN SERVICING CORPORATION hereinafter referred to as Defendant and will show the Court as follows:

*PARTIES*

Plaintiff KEVIN STERNECKERT is an individual and may be served with process by serving the undersigned attorney of record.

Defendant SN SERVICING CORPORATION is a foreign corporation which may be served with process by serving its substitute trustee Richard E. Anderson located at 4920 Westport Dr., The Colony, Texas 75056; Tel: 214.276.1546; Fax: 214. 276.1546

*VENUE*

Venue is proper in Bexar County, Texas as the real property at issue is located in Bexar County, Texas. Discovery shall be under level 2. The damages sought herein by Plaintiff are within the jurisdictional limits of the court. Plaintiff seeks monetary relief of $562,000 or less and non-monetary relief, attorney's fees and costs.

*BACKGROUND*

Plaintiff is the borrower of funds for the purchase of a residence legally described as LOT 2, BRINDLEWOOD PUD, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF

RECORDED IN VOLUME 9549, PAGE(S) 213-214, DEED AND PLAT RECORDSOF BEXAR COUNTY, TEXAS and more commonly known as 10620 Brindlewood Trail, Boerne, TX 78006. The property is encumbered by a note and deed of trust payable to Defendant herein for the original principal amount of $562,650.00.

Defendant alleges that Plaintiff is in arrears in the monthly mortgage payments.

*CAUSES OF ACTION*

Plaintiff alleges that Defendant has breached its contractual obligations pursuant to Deed of Trust which secures the subject property upon which Defendant intends to exercise the power of sale. Defendant has wrongfully accelerated the note under the terms of the deed of trust, has failed to maintain an accurate record of payment, and failed to inform Plaintiff as to the amount alleged to be in arrears. Furthermore, Defendant has offered Plaintiff an opportunity to modify the terms of the note; however, Defendant has not provided adequate time for such an evaluation,

*EX-PARTE BASIS*

Unless Defendant is immediately restrained from foreclosing upon the Plaintiff's property, Plaintiff shall suffer irreparable harm, injury, loss, and damages before notice can be served and a hearing held on the application for restraining order. Defendant is presumably represented by counsel; however, the immediacy of the impending foreclosure proceeding scheduled for March 3, 2020 precludes any opportunity for notice and hearing on the application for the temporary restraining order. Furthermore, Plaintiff makes this request not for the purposes of delay, but so that justice can be served. All requirements with the local rules of Bexar County have been complied with prior to this request for restraint.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that a temporary restraining order be issued without notice, restraining Defendant, its agents, assigns, servants, employees,

transferees, and attorneys from directly or indirectly foreclosing, encumbering, evicting, possessing, posting for foreclosure, recording a substitute trustee's deed or exerting control over the properties legally described as L LOT 2, BRINDLEWOOD PUD, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9549, PAGE(S) 213-214, DEED AND PLAT RECORDSOF BEXAR COUNTY, TEXAS and more commonly known as 10620 Brindlewood Trail, Boerne, TX 78006; waive the bond for injunctive relief; set a hearing date for preliminary injunction; that Defendants provide documentation demonstrating compliance with the Texas Property Code with respect to foreclosure of the referenced property; that Defendants provide an accounting of all amounts paid by Plaintiff and owed by Plaintiff; that Plaintiff be provided a reinstatement amount good through April 1, 2018; that Plaintiff be awarded actual damages, attorneys' fees, costs of court, and grant Plaintiff such other and further relief, special or general, to which Plaintiff may be justly entitled to receive either at law or at equity.

      Respectfully submitted,

      Oscar L. Cantu, Jr.
      Attorney at Law
      1004 S. St. Mary's Street
      San Antonio, TX. 78205
      Tel:(210) 798-1453
      Fax:(210) 941-0811

      By:_/s/ by Oscar Cantu___
      Oscar L. Cantu, Jr.
      SBN 03767448
      R3Oscar@aol.com

FILED
3/2/2020 6:25 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Ana Cortijo

Case 5:20-cv-00312-DAE   Document 1-4   Filed 03/13/20   Page 5 of 13

NO. 2020-CI-04262

| | | |
|---|---|---|
| **KEVIN STERNECKERT** | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | 150th JUDICIAL DISTRICT |
| | § | |
| **SN SERVICING CORPORATION** | § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' VERIFICATION FOR APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING FOR INJUNCTION HEARING

| | |
|---|---|
| State of Texas | § |
| County of Bexar | § |

On this the ___ day of March, 2020 appeared before me the undersigned Notary Public, KEVIN STERNECKERT as affiant for this cause against SN SERVICING CORPORATION After taking oath, he deposed as follows:

"My name is KEVIN STERNECKERT, I am over 18 years of age, of sound mind, and capable of making this affidavit. I have personal knowledge of the facts and statements in the Plaintiff's Original Application for Temporary Restraining Order and Setting for Injunction Hearing. I have read the Plaintiff's Original Application for Temporary Restraining Order and Setting for Injunction Hearing, including the exhibits attached thereto. The information contained therein is true, correct, and within my personal knowledge. I have repeatedly sought to clarify the amount due on this note as well as obtain an accurate payoff for the lien and/or reinstatement amount as per the Deed of Trust and have not received it. This is my homestead and I intend to honor my financial obligations and pay as per the note."

*[signature]*

KEVIN STERNECKERT,
Affiant

Subscribed and sworn to before me on this the 2nd day of March, 2020 by KEVIN STERNECKERT, Affiant.

*[notary seal: MIREYA M. ESTRADA, Notary Public, State of Texas, Comm. Expires 12-16-2021, Notary ID 7223319]*

*[signature]*
Notary Public in and for the State of Texas

NO. 2020-CI-04262

| | | |
|---|---|---|
| KEVIN STERNECKERT | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | 150th JUDICIAL DISTRICT |
| | § | |
| SN SERVICING CORPORATION | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFF'S TEMPORARY RESTRAINING ORDER AND SETTING OF INJUNCTION HEARING DATE

After hearing the arguments of counsel and reviewing the papers filed in this cause, the Court finds as follows:

Plaintiff's Original Petition and Plaintiff's Application for Temporary Restraining Order is with merit and not for purposes of delay.

Plaintiff KEVIN STERNECKERT will suffer irreparable harm, loss, damage, and injury if the Plaintiff's real property legally described as LOT 2, BRINDLEWOOD PUD, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9549, PAGE(S) 213-214, DEED AND PLAT RECORDSOF BEXAR COUNTY, TEXAS and more commonly known as 10620 Brindlewood Trail, Boerne, TX 78006 is foreclosed upon.

The immediacy of the impending foreclosure proceedings scheduled for March 3, 2020 precludes Plaintiff from noticing opposing counsel for a hearing on the Application for Temporary Restraining Order; and

The immediacy of the impending foreclosure proceeding set for March 3, 2020 precludes the Court from conducting a hearing on the Application for Temporary Restraining Order.

As such the Court ORDERS AND DECREES the following:

1. Defendant SN SERVICING CORPORATION, pending hearing and determination of Plaintiff's Application for Injunction, its agents, assigns, servants, employees, transferees,

principals, and attorneys are immediately stayed, enjoined, and restrained from directly or indirectly foreclosing, encumbering, evicting, possessing, posting for foreclosure, recording a substitute trustee's deed, or exerting control over the property legally described as LOT 2, BRINDLEWOOD PUD, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9549, PAGE(S) 213-214, DEED AND PLAT RECORDSOF BEXAR COUNTY, TEXAS and more commonly known as 10620 Brindlewood Trail, Boerne, TX 78006, or its occupants.

2. Defendant SN SERVICING CORPORATION, pending hearing and determination of Plaintiff's Application for Injunction, its agents, assigns, servants, employees, transferees, principals, and attorneys are immediately stayed, enjoined, and restrained from directly or indirectly from foreclosing, encumbering, evicting, possessing, posting for foreclosure, filing a substitute trustee's deed or exerting control over the property legally described as LOT 2, BRINDLEWOOD PUD, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9549, PAGE(S) 213-214, DEED AND PLAT RECORDSOF BEXAR COUNTY, TEXAS and more commonly known as 10620 Brindlewood Trail, Boerne, TX 78006 or its occupants.

3. The bond amount is set for $300.00.

IT IS FURTHER ORDERED that the hearing on Plaintiff's Application for Injunction is set for March 16, 2020 at 9:00 a.m. at the Bexar County Courthouse, located at 100 Dolorosa St. in the Presiding Court, San Antonio, Texas 78205 Room 109.

Signed on this the MAR - 2 2020 day of March, 2020 at 9:24 A.M./P.M.

Cynthia Marie Chapa
Presiding Judge
288th District Court
Bexar County, Texas

Date: MAR - 2 2020

Presiding Judge

Respectfully submitted,

Oscar L. Cantu, Jr.
Attorney at Law

_/s/ by Oscar Cantu_____
Oscar L. Cantu, Jr.
State Bar No. 03767448
1004 South St. Mary's St.
San Antonio, TX. 78205
Tel:(210) 472-3900
Fax:(210) 472-3901
Email: R3Oscar@aol.com

CAUSE NO. 2020-CI-04262

| | | |
|---|---|---|
| KEVIN STERNECKERT, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 150TH JUDICIAL DISTRICT |
| | § | |
| SN SERVICING CORPORATION, | § | |
| Defendant. | § | |
| | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Comes now Defendant SN SERVICING CORPORATION ("SN Servicing") and files this its Original Answer to Plaintiff's claims in the instant suit.

Defendant generally denies every allegation contained in Plaintiff's Live Petition in the above case and demands strict proof by a preponderance of the credible evidence as to each claim or cause of action by Plaintiff in this matter.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof, Defendant asserts the following defenses:

Plaintiff's Live Petition fails to state a claim upon which relief can be granted.

Plaintiff's claims for breach of contract are barred because Plaintiff has no contract with Defendant and has failed to identify the alleged contract at issue.

Plaintiff incorrectly states/assumes that the mortgage at issue is owned by SN Servicing or that SN Servicing has obligations which it does not. SN Servicing is not the owner or holder of the mortgage at issue and is therefore not a proper party to this action. SN Servicing is the company that services the mortgage at issue in the instant case. Plaintiff has failed to include in the instant suit the owner and holder of the mortgage at issue in this case so there is a defect of

the parties. Defendant is not now and has never been the owner or holder of any mortgage on the property described in Plaintiff's Live Petition.

Plaintiff's claims are barred because Plaintiff has not been damaged by the conduct or alleged conduct of Defendant.

Defendant is not liable to Plaintiff on the grounds that Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own conduct and/or negligence. Therefore, Defendant is entitled to a determination of proportionate responsibility under Chapter 33 of the Texas Civil Practice and Remedies Code and applicable Texas law.

Defendant denies responsibility or liability for any alleged damages sustained by Plaintiff. However, if Plaintiff sustained any damages, then such damages should be reduced by the amount that Plaintiff could reasonably have mitigated such damages and/or Plaintiff's failure to mitigate damages.

Plaintiff's claims are barred, in whole or in part, by the express or implied terms of the written agreement(s) between the parties and/or the lack of any written agreements.

Defendant acted in good faith at all times, and Defendant did not knowingly, intentionally, or maliciously violate any laws.

Plaintiff's claims are barred, in whole or in part, by Plaintiffs' lack of actual damages caused by any act or omission by Defendant.

Plaintiff's claims are barred in whole or in part by the statute of frauds, parol evidence rule, and merger doctrine.

Plaintiff's claims are barred by unclean hands, laches, waiver, estoppel (in all its forms, including, but not limited to equitable estoppel), and other applicable concepts of law.

Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, release and/or ratification.

Plaintiff has failed to state a legally viable claim for recovery of attorneys' fees and costs.

Defendant pleads such other affirmative defenses which cannot be anticipated at this time, but which may become apparent and applicable during the pendency of this lawsuit, by reason of future discovery and by reason of allegations and answers of other parties. Defendant specifically reserves the right to amend or supplement these affirmative defenses at any time.

## REQUESTS FOR DISCLOSURE

**Rule 194 Disclosures**.   Defendant, pursuant to Rule 194 of the Texas Rules of Civil Procedure, serves this Request for Disclosure upon Plaintiff, requesting that Plaintiff disclose, within thirty (30) days of service of this Request, the information or material described in Rule 194.2 (a) - (l) of the Texas Rules of Civil Procedure.

## SPECIAL EXCEPTIONS

Defendant submits the following exceptions to Plaintiff's Live Petition in the instant case:

1. Plaintiff's allegations are so general that Defendant does not have fair notice of the claims being made;

2. Plaintiff has failed to state any claim upon which relief can be granted;

3. Plaintiff has plead no damages and stated no claim upon which he could have damages; and

4. Plaintiff's pleadings do not state the facts and elements necessary to support a cause of action against Defendant.

**PRAYER**

WHEREFORE, SN SERVICING CORPORATION prays the Court, after notice and hearing or trial:

1. enter judgment in favor of SN SERVICING CORPORATION;

2. enter judgment that Plaintiff take nothing by way of his claims and that all of Plaintiff's claims against SN SERVICING CORPORATION be dismissed with prejudice;

3. SN SERVICING CORPORATION further prays for costs of court and attorney's fees, and

4. for such other and further relief as SN SERVICING CORPORATION may be entitled to in law or in equity.

Respectfully submitted,

ANDERSON ★ VELA, L.L.P.
4920 Westport Drive
The Colony, Texas 75056
214.276.1545 – Telephone
214. 276.1546 – Facsimile

ATTORNEYS FOR SN SERVICING CORPORATION

By: /s/ *Richard E. Anderson* .
RICHARD E. ANDERSON
Texas State Bar No. 01209010
randerson@andersonvela.com – e-mail
RAY L. VELA
Texas State Bar No. 00795075
rvela@andersonvela.com – e-mail

## CERTIFICATE OF SERVICE

I certify that on this the 13th day of March, 2020, a true copy of the above document has been either delivered in person or delivered in person by my agent or delivered by courier with receipted delivery or sent by certified mail, return receipt requested, or sent by telephonic document transfer or by electronic delivery before 5:00 p.m. the recipient's local time to the following pursuant to the Texas Rules of Civil Procedure for each party listed on the attached service list.

## SERVICE LIST

Oscar L. Cantu, Jr.
Attorney at Law
1004 S. St. Mary's Street
San Antonio, TX. 78205
Tel:(210) 798-1453
Fax:(210) 941-0811
E-mail: R3Oscar@aol.com


By: /s/ *Richard E. Anderson* .
    RICHARD E. ANDERSON
    RAY L. VELA